# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHNNY EDWARD HAMILTON,

    Petitioner,

vs.

E. K. MCDANIEL, et al.,

    Respondents.

Case No. 3:06-CV-00273-PMP-(VPC)

**ORDER**

Before the Court are the First Amended Petition for Writ of Habeas Corpus (#21), Respondents' Answer (#53), and Petitioner's Reply (#59). The Court finds that Petitioner is not entitled to relief and denies the First Amended Petition (#21).

On December 28, 2000, bicycle patrol officers Joseph Burfield and Scott Elkins of the Reno Police Department called out to Petitioner. Petitioner ran, the officers pursued, and the officers caught him. Bicycle patrol officer Albert Snover responded to the call for assistance. Petitioner was lying on the ground, and Snover noticed near Petitioner's head a piece of plastic with a white material inside. Snover suspected that it was cocaine. The package was wet on the outside, and Snover suspected that the fluid was saliva. Snover conducted a presumptive test, which indicated that the substance was cocaine. Jeff Riolo, a criminalist with the Washoe County Sheriff's Office, determined that the fluid was Petitioner's saliva. The parties stipulated that Terry Hanson, another criminalist with the Washoe County Sheriff's Office, determined that the recovered substance was 0.02 grams of cocaine, and they stipulated that cocaine is a Schedule I controlled substance.

The jury found Petitioner guilty of possession of a controlled substance. Ex. 22 (#7-14, p. 31).[1] The judge adjudicated Petitioner as a habitual criminal and sentenced him to life in prison with the possibility of parole after ten years. Ex. 25 (#7-15, p. 23). Petitioner did not appeal directly. Petitioner did file a post-conviction petition for a writ of habeas corpus in the state district court. Ex. 40 (#8-3, p. 1). The court appointed counsel, who filed a supplement. Ex. 51 (#8-6, p. 13). The court dismissed some of the grounds before conducting an evidentiary hearing. Ex. 59 (#8-7, p. 18). After the evidentiary hearing, the court denied the remainder of the petition. Ex. 78 (#8-12, p. 1). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 86 (#8-14, p. 7).

Petitioner then commenced this action. The Court appointed counsel, who filed the First Amended Petition (#21). The Court determined that Petitioner had not exhausted his state-court remedies for Ground Two, Ground Four, and part of Ground Three. Order (#41). Petitioner dismissed those grounds. Decl. (#44).

"A federal court may grant a state habeas petitioner relief for a claim that was adjudicated on the merits in state court only if that adjudication 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,'" Mitchell v. Esparza, 540 U.S. 12, 15 (2003) (quoting 28 U.S.C. § 2254(d)(1)), or if the state-court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2).

> A state court's decision is "contrary to" our clearly established law if it "applies a rule that contradicts the governing law set forth in our cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." A state court's decision is not "contrary to . . . clearly established Federal law" simply because the court did not cite our opinions. We have held that a state court need not even be aware of our precedents, "so long as neither the reasoning nor the result of the state-court decision contradicts them."

Id. at 15-16. "Under § 2254(d)(1)'s 'unreasonable application' clause . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the

---

[1]Page numbers in parentheses refer to the documents in the Court's electronic docket.

-2-

relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must be objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003) (internal quotations omitted).

> [T]he range of reasonable judgment can depend in part on the nature of the relevant rule. If a legal rule is specific, the range may be narrow. Applications of the rule may be plainly correct or incorrect. Other rules are more general, and their meaning must emerge in application over the course of time. Applying a general standard to a specific case can demand a substantial element of judgment. As a result, evaluating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.

Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).

> When it comes to state-court factual findings, [the Antiterrorism and Effective Death Penalty Act] has two separate provisions. First, section 2254(d)(2) authorizes federal courts to grant habeas relief in cases where the state-court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Or, to put it conversely, a federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable. Second, section 2254(e)(1) provides that "a determination of a factual issue made by a State court shall be presumed to be correct," and that this presumption of correctness may be rebutted only by "clear and convincing evidence."
>
> We interpret these provisions sensibly, faithful to their text and consistent with the maxim that we must construe statutory language so as to avoid contradiction or redundancy. The first provision—the "unreasonable determination" clause—applies most readily to situations where petitioner challenges the state court's findings based entirely on the state record. Such a challenge may be based on the claim that the finding is unsupported by sufficient evidence, that the process employed by the state court is defective, or that no finding was made by the state court at all. What the "unreasonable determination" clause teaches us is that, in conducting this kind of intrinsic review of a state court's processes, we must be particularly deferential to our state-court colleagues. For example, in concluding that a state-court finding is unsupported by substantial evidence in the state-court record, it is not enough that we would reverse in similar circumstances if this were an appeal from a district court decision. Rather, we must be convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record. Similarly, before we can determine that the state-court factfinding process is defective in some material way, or perhaps non-existent, we must more than merely doubt whether the process operated properly. Rather, we must be satisfied that any appellate court to whom the defect is pointed out would be unreasonable in holding that the state court's fact-finding process was adequate.

Taylor v. Maddox, 366 F.3d 992, 999-1000 (9th Cir. 2004).

The petitioner bears the burden of proving by a preponderance of the evidence that he is entitled to habeas relief. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

Ground One is a two-part claim of ineffective assistance of counsel. "[T]he right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 & n.14 (1970). A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

Strickland expressly declines to articulate specific guidelines for attorney performance beyond generalized duties, including the duty of loyalty, the duty to avoid conflicts of interest, the duty to advocate the defendant's cause, and the duty to communicate with the client over the course of the prosecution. 466 U.S. at 688. The Court avoided defining defense counsel's duties so exhaustively as to give rise to a "checklist for judicial evaluation of attorney performance. . . . Any such set of rules would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." Id. at 688-89.

Review of an attorney's performance must be "highly deferential," and must adopt counsel's perspective at the time of the challenged conduct to avoid the "distorting effects of hindsight." Strickland, 466 U.S. at 689. A reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (citation omitted).

The Sixth Amendment does not guarantee effective counsel per se, but rather a fair proceeding with a reliable outcome. See Strickland, 466 U.S. at 691-92. See also Jennings v.

Woodford, 290 F.3d 1006, 1012 (9th Cir. 2002).  Consequently, a demonstration that counsel fell below an objective standard of reasonableness alone is insufficient to warrant a finding of ineffective assistance.  The petitioner must also show that the attorney's sub-par performance prejudiced the defense.  Strickland, 466 U.S. at 691-92.  There must be a reasonable probability that, but for the attorney's challenged conduct, the result of the proceeding in question would have been different.  Id. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id.

If a state court applies the principles of Strickland to a claim of ineffective assistance of counsel in a proceeding before that court, the petitioner must show that the state court applied Strickland in an objectively unreasonable manner to gain federal habeas corpus relief.  Woodford v. Visciotti, 537 U.S. 19, 25 (2002) (per curiam).

In Ground One (A), Petitioner argues that counsel failed to challenge the admission of two items of evidence that indicated that the substance police recovered near Petitioner was cocaine.[2]  First, Petitioner argues that counsel should not have stipulated to the finding of Washoe County criminalist Terry Hanson that the substance police recovered was 0.02 grams of cocaine.[3]  See Ex. 20B, p. 71 (#7-9, p. 20).  On this issue, the state district court[4] held:

> Petitioner argues that his Sixth Amendment right to confront witnesses was abridged due to his trial counsel's stipulation with the State in regards to the results of the chemical analysis of the substance retrieved when Petitioner was arrested.  The United States Supreme Court has held that "decisions by counsel are generally given effect as to what arguments to pursue, what evidentiary objections to raise, and what agreements to conclude regarding the admission of evidence.  (emphasis added.)  Absent a demonstration, counsel's word on such matters is the last."  New York v. Hill, 528 U.S. 110, [114] (2000) [citations omitted].  Again, to establish ineffectiveness, Petitioner must show that trial counsel's stipulation in regard to the admission of the lab findings was an "error so serious" that he was prejudiced, and thereby the result of the proceedings would have been otherwise absent said error.

---

[2]The Court is reversing the order of Petitioner's argument.

[3]Counsel also stipulated that cocaine is a Class I controlled substance.  This stipulation does not appear to be an issue.

[4]The Nevada Supreme Court summarily affirmed the dismissal of the claims contained in Ground 1.  This Court looks through to the reasoned decision of the district court.  Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

> Strickland. Petitioner has presented no facts that would provide a basis for this Court to conclude that trial counsel's decision not to contest the lab findings was ineffective as defined by law. However, Petitioner's counsel argues that Petitioner should have an opportunity to presently query the lab technician to determine if proper protocol was followed, and so forth. But, as noted in Hill, absent a "demonstration of ineffectiveness", this Court is obligated to presume that trial counsel's determination that a query about the lab analysis' protocol would not be fruitful was the proper tactical decision to make. Thus, the Court DISMISSES this claim.

Ex. 59, p. 3 (#8-7, p. 21). Petitioner has not shown how this was an unreasonable application of Strickland and Hill. Respondents correctly argue that Petitioner has the burden of proof in this proceeding. Answer, p. 20 (#53). It is not enough simply for Petitioner to allege that counsel should have insisted that Hanson testify about the testing procedures. Petitioner needed to allege facts that could show that it was more likely than not that testimony would have revealed some problem in the procedures that would have led to a different result in the trial.

Second, Petitioner argues that counsel should have objected to testimony from police officer Albert Snover that he conducted a presumptive test on the substance found near Petitioner and that the test indicated cocaine. The state district court held:

> The Court finds no such prejudicial error in trial counsel's decision not to object to the officer's discussion of the presumptive test that he administered to the substance found near Petitioner upon arrest. Precisely, assuming that the trial court did not allow the officer's discussion of the presumptive test to be presented, the result of the trial would be no different given that a lab chemist actually made the determination that the substance was cocaine. In short, the presumptive test was not dispositive in relation to the charge and conviction of possession of cocaine, but rather a guide for the police to determine what course of action they should take in regard to the substance they retrieved near Petitioner (i.e., whether it should be collected as evidence of a crime). Thus, the Court DISMISSES this claim.

Ex. 59, pp. 2-3 (#8-7, pp. 20-21). Because the final results were admitted into evidence, as discussed above, Officer Snover's testimony had no effect. The state district court applied Strickland reasonably.

In Ground One (B), Petitioner argues that counsel should have called three witnesses. They would have testified that some time before Petitioner was arrested they had physically attacked Petitioner with a billiards cue because Petitioner was trying to collect a debt owed to his friend by one of them. They also would have testified that Petitioner fled from police

-6-

because he thought that the officer was one of these witnesses who was trying to attack him again. The state district court ruled:

> Petitioner argues trial counsel was ineffective for failing to investigate and present the testimony of three witnesses whom the Petitioner declares possessed exculpatory information. The trial record indicates that trial counsel's "tactical decision" not to call the referenced witnesses was based on their extensive criminal backgrounds and apparent hostility to the Petitioner. TT Pg. 162-63. In an effort to preserve any reasonable doubt in the minds of the jurors at that junction of the proceedings, trial counsel determined that presenting witnesses who were possibly adverse to his client, and whose credibility would be attacked on the basis of their own criminal status, was not tactically sound. The Petitioner presents no argument that would enable this Court to find said tactical decision to be so erroneous that Petitioner was prejudiced, and thereby the outcome of his trial antipodal of what otherwise would have been if said witnesses were presented. <u>Strickland</u>. Thus, the Court DISMISSES this claim.

Ex. 59, p. 4 (#8-7, p. 22). That was a reasonable application of <u>Strickland</u>. This Court agrees that it would have been unsound to call as defense witnesses three people with criminal records who wanted to beat Petitioner up, so that they could give their impressions of Petitioner's thoughts. Moreover, Respondents correctly argue that these witnesses could not have testified as to what Petitioner was thinking when the police officer yelled at him and Petitioner fled. Only Petitioner could testify as to what his thoughts were.

In the remaining part of Ground Three, Petitioner argues that counsel did not follow his instructions to appeal from the judgment of conviction.[5] If Petitioner told counsel to appeal but counsel did not, then counsel provided ineffective assistance. <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 477 (2000). The state district court held an evidentiary hearing on the issue. Petitioner testified that he knew he could appeal because he had prior experience with the system, and that he told counsel to appeal. Ex. 77, p. 6 (#8-11, p. 7). Counsel testified that when he creates a client's file, he puts in a form advising the client of his rights to appeal, and that if the client is convicted, then he removes the form from the file and gives it to the client. <u>Id.</u>, p. 11 (#8-11, p. 12). He testified that when he reviewed Petitioner's file in preparation for the hearing, he saw that the form was not

---

[5] Ground Three also contained a claim that counsel should have consulted with Petitioner about whether he wanted to appeal. Petitioner dismissed that part of the ground because it was not exhausted. Decl. (#44).

-7-

in the file, which told him that he gave it to Petitioner. Id., p. 12 (#8-11, p. 13). Counsel also testified that Petitioner indicated that he wanted to pursue post-conviction remedies. Id., p. 10 (#8-11, p. 11). The state district court ruled:

> Hamilton testified that he told Bell to appeal. Bell testified that Hamilton did not instruct him to appeal but instead announced his intention to seek post-conviction relief. Bell testified that if Hamilton had announced that he wished to appeal, he would have taken the appropriate steps but the appeal itself would have been prosecuted by the Public Defender's office. The court finds that Bell is credible and Hamilton is not credible.
>
> One who would claim ineffective assistance of counsel bears the burden of proving the claim by a preponderance of the evidence. At the conclusion of the hearing the court was not persuaded that the claim was true. On the contrary, the court was persuaded that the claim was untrue. Accordingly, the petition for writ of habeas corpus (post-conviction) is denied.

Ex. 78, p. 2 (#8-12, p. 3). The Nevada Supreme Court affirmed for the same reason. Ex. 86, p. 3 (#8-14, p. 10). The evidence presented at the hearing showed a disagreement over what Petitioner told counsel. The state court's determination to believe counsel and not to believe Petitioner was reasonable under those circumstances. 28 U.S.C. § 2254(d)(2). This Court does not simply revisit the dispute; it presumes that the determination is correct, and Petitioner has not alleged anything that could lead to clear and convincing evidence to rebut that presumption. 28 U.S.C. § 2254(e)(1). Given the finding that Petitioner did not tell counsel that he wished to appeal, the state court's conclusion that counsel did not act ineffectively was a reasonable application of Flores-Ortega. 28 U.S.C. § 2254(d)(1).

       IT IS THEREFORE ORDERED that the First Amended Petition for Writ of Habeas Corpus (#21) is **DENIED**. The Clerk of the Court shall enter judgment accordingly.

DATED: September 29, 2009.

PHILIP M. PRO
United States District Judge

-8-