# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHNNY EDWARD HAMILTON,

    Petitioner,

vs.

E. K. MCDANIEL, et al.,

    Respondents.

Case No. 3:06-cv-00273-PMP-VPC

**ORDER**

    The court of appeals remanded this action (#69) for the court to determine whether counsel failed to consult with petitioner about a direct appeal. If no consultation occurred, then the court needs to inquire whether that failure to consult was deficient performance by counsel and whether petitioner was prejudiced.

    On the issue, the Nevada Supreme Court held:

> Finally, Hamilton contends that the district court erred in rejecting his claim that defense counsel was ineffective for failing to perfect an appeal on his behalf. After conducting an evidentiary hearing, the district court found that Hamilton was not deprived of his appellate rights. <u>The district court's finding is supported by substantial evidence. In particular, defense counsel testified that Hamilton had informed him that he intended to pursue post-conviction remedies but did not express an interest in pursuing a direct appeal.</u> Although Hamilton testified that he requested an appeal, the district court acted within its discretion in finding defense counsel's testimony to the contrary more credible. Accordingly, we conclude that the district court did not err in rejecting Hamilton's claim that counsel was ineffective for failing to file a direct appeal.

Ex. 86, at 3 (#8) (emphasis added).

    Subsequent to the decision of the court of appeals, two decisions of the Supreme Court of the United States affect this court's analysis. First, "[u]nder [28 U.S.C.] § 2254(d), a habeas court

must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." Harrington v. Richter, 131 S. Ct. 770, 786 (2011). The remanded claim is a claim of ineffective assistance of counsel. A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. That standard, by itself, is deferential. Richter, 131 S. Ct. at 788. The court's analysis becomes even more deferential when § 2254(d) applies.

> When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

Id.

Second, when reviewing the state-court decision under § 2254(d), this court is limited to the record that was before the state court. Cullen v. Pinholster, 131 S. Ct. 1388, 1400 (2011). This disposes of petitioner's request for an evidentiary hearing. Evidence that the court could obtain through an evidentiary hearing would have no effect upon the court's analysis.

The analysis of whether a defendant was denied a direct appeal due to ineffective assistance of counsel has four steps. First, has the defendant instructed counsel to file an appeal or asked not to take an appeal?

> [A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. . . .  At the other end of the spectrum, a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently.

Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). Second, if the defendant did not give instructions, has counsel consulted with the defendant about a direct appeal?

> We employ the term "consult" to convey a specific meaning-advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes. If counsel has consulted with the defendant, the question of

        deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the <u>defendant's express instructions</u> with respect to an appeal.

<u>Id.</u> at 478 (emphasis added). Third, if counsel did not consult with the defendant about the direct appeal, was that deficient performance by counsel?

        [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known.

<u>Id.</u> at 480 (citation omitted). Fourth, if the lack of consultation was deficient performance, was the defendant prejudiced? "[T]o show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." <u>Id.</u> at 484.

        In the state habeas corpus proceedings, petitioner made little effort, if any, to prove that counsel failed to consult with him about a direct appeal. The briefs and the testimony at the evidentiary hearing focused on whether petitioner told counsel to file a direct appeal.

        The state district court determined that petitioner did not tell counsel to file a direct appeal. Ex. 78, at 2 (#8). The Nevada Supreme Court affirmed the district court's decision. Ex. 86, at 3 (#8). This court held that the Nevada Supreme Court's decision was a reasonable application of <u>Flores-Ortega</u>. The court of appeals affirmed this court's holding. This answers the first question in the <u>Flores-Ortega</u> analysis.

        The second question in the <u>Flores-Ortega</u> analysis, whether counsel consulted with petitioner about a direct appeal, must be taken in consideration with <u>Harrington's</u> requirements for deference pursuant to § 2254(d)(2). Therefore, the question before this court is not whether counsel consulted with petitioner about a direct appeal. Instead, the question is whether petitioner has proven that there is no reasonable argument that counsel might have consulted with petitioner about a direct appeal. See <u>Harrington</u>, 131 S. Ct. at 788. The parties filed the supplemental answer (#76) and the supplemental reply (#79) after the Supreme Court decided <u>Harrington</u>. Respondents quoted the relevant rule from <u>Harrington</u>. However, petitioner argues that the evidence shows that counsel did

-3-

not consult with petitioner, meaning that counsel provided ineffective assistance.  Petitioner does not argue that the state court's determination was an unreasonable application of Flores-Ortega and Strickland.  Petitioner's argument overlooks the requirement that other reasonable arguments could justify the state courts' decision.  Harrington, 131 S. Ct. at 786.

The evidence on consultation that was adduced at the evidentiary hearing could reasonably support a finding that counsel did consult with petitioner about a direct appeal.  Counsel did have a conversation with petitioner what to do after the state district court sentenced him.  Ex. 77, at 9-10 (#8).  Counsel's recollection was that petitioner wanted to proceed with post-conviction remedies.  Id. at 10 (#8).  Counsel also testified about his standard practice at sentencing.  When he opens a criminal file, he places on the left side of the folder a memorandum that explains a defendant's right to appeal after entry of the judgment of conviction.  At sentencing, he removes the memorandum from the file, writes the date and the defendant's name in a blank space on it, and gives it to the defendant.  Sometimes he states on the record that he is giving the memorandum to the defendant; he did not make any such statement in this particular case.  When counsel reviewed petitioner's case file, the memorandum was not present, which indicated to him that he had given the memorandum to petitioner.  Id. at 11-12 (#8).  Flores-Ortega does not require that consultation be verbal and face-to-face, and the memorandum could have contained the necessary information for a consultation.  The actual contents of the memorandum are unknown.  However, that lack of knowledge does not mean that counsel failed to consult with petitioner about a direct appeal.  It was petitioner's burden in state court to prove either that counsel had not actually given petitioner the letter or that the memorandum did not contain the information necessary to be a consultation within the meaning of Flores-Ortega.  Petitioner made no such effort in state court.  In this court, it is petitioner's burden to prove that there was no reasonable argument to support the Nevada Supreme Court's conclusion.  Instead, petitioner argued de novo reasons why counsel did not consult with petitioner.  The Nevada Supreme Court reasonably could have concluded that the memorandum was a consultation within Flores-Ortega's meaning of the term.

Having determined that the Nevada Supreme Court reasonably could have concluded that counsel consulted with petitioner about a direct appeal, the question becomes whether counsel

-4-

ignored petitioner's express instructions with respect to an appeal. Flores-Ortega, 528 U.S. at 478. The state courts determined that petitioner gave no express instruction to appeal the judgment of conviction, and both this court and the court of appeals have held that that determination was a reasonable application of Flores-Ortega. Consequently, the Nevada Supreme Court reasonably could have determined that counsel did not perform deficiently, and that petitioner was not deprived of a direct appeal.

Given that the Nevada Supreme Court reasonably could have concluded that counsel consulted with petitioner and that counsel did not ignore express instructions from petitioner, it is unnecessary for the court to determine whether counsel had a duty to consult with petitioner. It also is unnecessary for the court to determine whether petitioner suffered any prejudice.

Reasonable jurists might find the court's conclusions to be debatable, and the court will issue a certificate of appealability.

Petitioner has submitted a motion for decision (#80). The court's decision on the merits moots the motion. However, the court wishes to note that it has been operating under a judicial emergency and that it has cut staff. Counsel for petitioner has been experiencing the same difficulties. The unfortunate effect is that the court might not be able to address petitions as quickly as it otherwise would like.

IT IS THEREFORE ORDERED that the first amended petition for writ of habeas corpus (#21) is **DENIED**. The clerk of the court shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability is **GRANTED** on the issue whether the Nevada Supreme Court reasonably could have concluded that counsel consulted with petitioner about a direct appeal.

IT IS FURTHER ORDERED that petitioner's motion for decision (#80) is **DENIED** as moot.

DATED: July 29, 2013.

_____
PHILIP M. PRO
United States District Judge